1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

RENE BOISVERT,

                    Plaintiff,

         v.

WAI FUN LI,

                    Defendant.

Case No. 13-cv-01590 NC

**ORDER DENYING REQUEST FOR RECONSIDERATION OF CLERK'S DECLINATION OF ENTRY OF DEFAULT**

Re: Dkt. No. 19

Pro se plaintiff Rene Boisvert filed a "Request to Revisit Clerk's Declination of Request for Entry of Default & for Entry of Default." Dkt. No. 19. The Court construes this filing as a motion for reconsideration of the clerk's declination of default on June 14, 2013, Dkt. No. 17, in response to the request to enter default as to defendant Wai Fun Li, filed by Boisvert on June 11, 2013, Dkt. No. 14.

The Civil Local Rules state that a party may, with leave of Court, file a motion for reconsideration of any interlocutory order. Civil L.R. 7-9. The moving party must show (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists," about which the party applying for reconsideration did not know at the time of the order, and which warrants reconsideration; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the Court to consider material facts or dispositive legal arguments." *Id.* Here, Boisvert argues that the

clerk's declination of default was based on the mistaken understanding that defendant Li had not been served, failing to consider the waiver of the service of summons executed by two different attorneys for the defendant. Dkt. Nos. 19 at 1, 3; 14 at 4.  Boisvert further asserts that Li's deadline to file a responsive pleading was June 9, and that, as of June 11, when Boisvert filed his request for entry of default, Li had not filed an answer. Dkt. No. 19. Because June 9 was a Sunday, the deadline to respond to the complaint was June 10. *See* Fed. R. Civ. P. 6(a)(1)(C).  On June 11, however, Li filed a motion to dismiss Boisvert's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 15.  On June 14, counsel for Li filed a notice of appearance before the clerk declined to enter default.  Dkt. No. 16.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought ***has failed to plead or otherwise defend***, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (emphasis added).  Entry of default is not proper against a defendant who has filed a motion to dismiss. *Mech. Mktg., Inc. v. Sixxon Precision Mach. Co., Ltd.*, No. 11-cv-01844 EJD, 2011 WL 4635546, at *6 (N.D. Cal. Oct. 6, 2011) (citations omitted).  Even a late-filed responsive pleading prevents entry of a default. *Chevalier v. Sutter Hotel*, No. 07-cv-0401 MMC, 2008 WL 618919, at *1 (N.D. Cal. Mar. 5, 2008) (citations omitted).  Therefore, despite the fact that Li's responsive pleading appears to be late with one day, the clerk's declination of default on June 14 was proper.  Accordingly, Boisvert's motion for reconsideration is DENIED.

Li's motion to dismiss, however, has been erroneously e-filed as an "ANSWER to Complaint," by using the ECF user ID of a different attorney than the one who signed the motion, and it was not noticed for a hearing as required by Civil Local Rule 7-2(a).  Li must refile the motion to dismiss to correct these defects by June 21, 2013.

//

1    Docket entry number 15 is stricken.

2    IT IS SO ORDERED.

3    Date: June 18, 2013
     _____
4                              Nathanael M. Cousins
                               United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28