UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RENE BOISVERT,<br><br>        Plaintiff,<br><br>    v.<br><br>WAI FUN LI,<br><br>        Defendant. | Case No. 13-cv-01590 NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 22 |

The issue before the Court is whether pro se plaintiff Rene Boisvert has stated any claim for relief against defendant Wai Fun Li arising out of a 2006 loan agreement. For the reasons set forth below, the Court finds that Boisvert has failed to state a claim, and therefore GRANTS Li's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) with leave to amend.

## I. BACKGROUND

**A.   Boisvert's Allegations**

In analyzing claims under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all material facts alleged in the complaint are true. *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). The complaint here alleges that "[o]n or about July 18, 2006, Plaintiff and Defendant entered into a lender and

borrower agreement for a real estate loan with a principal balance of $100,000." Dkt. No. 1 ¶ 16. Boisvert further alleges that the loan "was to be a one year loan," with an interest rate of 12% per annum, and it was "secured by the Plaintiff's personal home." *Id.* ¶¶ 17, 18, 21. Boisvert alleges that Li did not provide him with disclosure documents, and that, "[i]n the course and conduct of offering and making" the loan, Li failed to provide a number of mandatory disclosures, included prohibited loan terms, extended credit based on a collateral without regard to payment ability, and misrepresented that the loan constituted "open-end credit." *Id.* ¶¶ 20, 22-31. Boisvert asserts that Li's conduct violated the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a) and 53(b), the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, including the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1639, and TILA's implementing Regulation Z, 12 C.F.R. § 226. *See generally* Dkt. No. 1.

Boisvert requests that the Court "[p]ermanently enjoin and restrain Defendant from violating any provision of HOEPA, TILA, and Regulation Z, and, in connection with offering or extending credit, Section 5(a) of the FTC Act"; "[f]ind the Defendant liable for redress to Plaintiff"; "[a]ward such relief as the Court deems necessary to prevent unjust enrichment and to redress Plaintiff [sic] injury resulting from Defendants' violations . . . including, but not limited to: deem the promissory note and deed of trust and note amendments as unenforceable, refund of all monies paid, and/or disgorgement of ill-gotten gains; and, . . . [a]ward Plaintiff its [sic] costs of bringing this action, as well as such other additional equitable relief as the Court may determine to be just and proper." *Id.* at 10.

**B.  Procedural History**

Boisvert filed his complaint on April 9, 2013. Dkt. No. 1. Li waived service of summons, and filed a motion to dismiss the complaint on June 11, 2013. *See* Dkt. Nos. 14, 15, 19. That same day, Boisvert filed a request for entry of default against Li. Dkt. No. 14. The clerk denied the request, and Boisvert moved for reconsideration. Dkt. Nos. 17, 19. The Court affirmed the clerk's declination of default because Li had filed a motion to dismiss. Dkt. No. 20. The Court also noted that Li's motion to dismiss was erroneously

filed in ECF as an "answer," and ordered Li to refile it to correct this and other filing defects identified by the Court. Dkt. Nos. 20 at 2; 22.[1] Boisvert filed an opposition to the motion, and a supplemental brief after Li filed her reply. Dkt. Nos. 27, 28, 31. The Court held a hearing on the motion on August 14, 2013.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *See* Dkt. No. 1 ¶ 1. The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. Nos. 8, 18.

**C.  Judicial Notice**

As a preliminary matter, the Court addresses Li's request for judicial notice of certain loan documents submitted in connection with the reply in support of her motion to dismiss. Dkt. No. 29. As a general rule, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (citations omitted). However, a court may take judicial notice of "material which is either submitted as part of the complaint or necessarily relied upon by the complaint," as well as "matters of public record." *Id.* Courts may "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (internal quotation marks and citation omitted). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Datel*, 712 F. Supp. 2d at 983.

//

---

[1] Boisvert's argument that the Court should deny the motion to dismiss because Li has filed an answer to the complaint, citing to Dkt. No. 22, is baseless. Dkt. No. 27 at 1-2. Dkt. No. 22 is Li's motion to dismiss, not an answer to the complaint.

Here, Li seeks judicial notice of the following documents: (1) an "AGREEMENT" and subsequent "AMENDMENT" both signed by Boisvert on August 10, 2009; and (2) "INSTALLMENT NOTE – INTEREST ONLY (Secured by Deed of Trust)" signed by Boisvert, dated July 18, 2006. Dkt. Nos. 29 at 2; 29-1. Li asserts that judicial notice of these documents is appropriate on the ground that Boisvert's complaint necessarily relies on them. Dkt. Nos. 28 at 5; 29 at 1-2. After Li made this request for judicial notice, Boisvert filed a supplemental opposition which refers to a "falsified" exhibit filed by Li in support of her pleadings. Dkt. No. 31 at 2. Li then filed a "letter brief," explaining that Boisvert was likely referring to a different exhibit filed in a state case between the same parties, and not the exhibit subject to Li's current request for judicial notice. Dkt. No. 32. At the hearing on the motion to dismiss, Boisvert stated that he opposed the request for judicial notice because it presented an incomplete picture, but he did not appear to question the authenticity of the specific documents submitted by Li in connection with her request for judicial notice.

On this record, it is not clear whether the parties agree that these documents are what they appear to be. Moreover, Li has not submitted a declaration properly authenticating the documents. Li's counsel's unsworn statement that he "is informed and believes that Exhibit A is a true and correct copy of what the document(s) purport to be" is not sufficient. Dkt. No. 29 at 1 n.2; Civ. L.R. 7-5; *see Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (counsel's declarations on information and belief are entitled to no weight because declarant lacked personal knowledge). In any event, the Court does not need to rely on these documents to rule on the present motion to dismiss. Accordingly, the Court DENIES Li's request for judicial notice without prejudice to making a proper request in the future.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Coal. For ICANN Transparency, Inc.*, 611 F.3d at 501.

1  The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### III. DISCUSSION

**A.     Boisvert Cannot State a Claim under the FTCA.**

Li argues that any claims brought by Boisvert under the FTCA must be dismissed because, as a private litigant, he does not have standing to bring an action under that Act.[2]  The Court agrees.  It is well established in this circuit that private litigants may not sue for violations of the FTCA which "rests initial remedial power solely in the Federal Trade Commission." *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (citing *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973)); *Reyes v. WMC Mortgage Corp.*, No. 11-cv-01988 CW, 2012 WL 5338587, at *4 (N.D. Cal. Oct. 26, 2012) ("violations of unspecified provisions of the Federal Trade Commission Act, 15 U.S.C. §§ 41–58, . . . do not provide a private right of action.").  Accordingly, the Court dismisses Boisvert's claims under the FTCA without leave to amend.

**B.     Boisvert's TILA and HOEPA Claims Are Time-Barred.**

Li moves to dismiss Boisvert's claims brought under TILA and HOEPA on the basis that they are barred by the one-year statute of limitations of 15 U.S.C. § 1640(e). Dkt. No. 22 at 6.  In opposition, Boisvert contends that the applicable statute of limitations is 4 years under California Civil Procedure Code § 337, and that the statute of limitations began

---

[2] This argument was made for the first time in Li's reply. Dkt. No. 28 at 7-8.  Boisvert did not address it in his supplemental opposition which was filed after the reply, and indicated at the hearing that he had no further argument to make in opposition to the motion to dismiss his FTCA claims.

running not at the time the loan was executed, but in February 2012, which is when Boisvert purportedly made his last payment on the loan to Li.  Dkt. No. 27 at 3-4.  The Court finds that, as currently alleged, Boisvert's claims under TILA and HOEPA are time-barred.

### 1.   Boisvert's TILA and HOEPA Damages Claims Are Dismissed with Leave to Amend.

A damages claim for a TILA violation must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The statutory period generally runs from the date the loan contract was executed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed.").  Here, Boisvert alleges that he entered into the loan agreement with Li in July 2006.  Dkt. No. 1 ¶ 16.  Thus, any TILA damages claim expired in July 2007.  Moreover, even if we accept for the purposes of the argument that the loan "was modified by Defendant's legal counsel on or about August 10, 2009," as stated in Boisvert's opposition, any TILA damages claim arising out of that modification expired on August 10, 2010.  Dkt. No. 27 at 2.  Boisvert filed this case in April 2013, which is over 7 years after the execution of the loan, and over 3 years after the alleged modification.

Additionally, because HOEPA is an amendment of TILA, it is governed by the same statute of limitations. *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1008 (N.D. Cal. 2009).  Any damages claims alleged by Boisvert under HOEPA must also be dismissed as time-barred for the same reasons as his TILA damages claim.

It is also recognized, however, that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).  As the Ninth Circuit has further explained, "'Equitable tolling' focuses on whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a

possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs. . . . Equitable estoppel, on the other hand, focuses primarily on actions taken by the *defendant* to prevent a plaintiff from filing suit, sometimes referred to as 'fraudulent concealment.'" *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (internal quotation marks and citations omitted).  In other words, Boisvert must allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010); *see also Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (plaintiff was not entitled to equitable tolling on TILA claim where "nothing prevented [plaintiff] from comparing the loan contract, [lender]'s initial disclosures, and TILA's statutory and regulatory requirements").  Moreover, a tolling of the statute of limitations based on fraudulent concealment must be alleged with particularity, and cannot be based simply on a restatement of the TILA claims. *Robertson v. Bank of Am., NA*, No. 10-cv-3525 SBA, 2011 WL 1231003, at *3 (N.D. Cal. Apr. 1, 2011) (citations omitted).

Here, Boisvert's complaint does not allege any facts demonstrating fraudulent concealment or entitlement to equitable tolling.  However, because the Ninth Circuit generally disfavors resolving a motion to dismiss on equitable tolling grounds unless it is clear that equitable tolling is inappropriate, any damages claims brought by Boisvert under TILA and HOEPA are dismissed with leave to amend. *See Rai v. GMAC Mortgage*, No. 10-cv-04291 LHK, 2011 WL 337842, at *4 (N.D. Cal. Jan. 31, 2011) (citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

**2. Boisvert's Claim for Rescission under TILA Is Dismissed without Leave to Amend.**

Boisvert's complaint also includes a request for equitable relief including injunctive relief, rescission, restitution, reformation, and disgorgement. *See* Dkt. No. 1 at 1, 4, 10.  Under TILA, a borrower generally may rescind a loan within three business days after it is consummated.  15 U.S.C. § 1635(a).  The right to rescission expires "three years after the

date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered . . . ." 15 U.S.C. § 1635(f). Section 1635(f) is "a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) (TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."). According to the complaint here, Boisvert consummated the loan in July 2006. His right of rescission of that transaction thus expired in July 2009. Boisvert did not file this case until April 2013, which is also over 3 years after the alleged August 2009 modification. Therefore, to the extent Boisvert is bringing a claim for rescission under TILA arising out of the July 2006 loan or the August 2009 modification, any such claim is time-barred and must be dismissed without leave to amend.

Finally, because the Court has concluded that Boisvert has failed to state any claim for relief, he is not entitled to an injunction. *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted.").

**C.   Leave to Amend Is Granted.**

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). At the hearing on the motion to dismiss, Boisvert indicated that he would like to amend the complaint to allege fraud and additional violations of TILA. The Court has already held that, absent equitable tolling, Boisvert's damages claims under TILA and HOEPA would be barred by the statute of limitations. The Court, however, grants Boisvert leave to amend his complaint to allege facts demonstrating fraudulent concealment or entitlement to equitable tolling.

//

The Court notes that, if Boisvert chooses to amend his complaint to allege fraud, he should be mindful of the three-year limitations period applicable to a fraud claim under the California Code of Civil Procedure § 338(d). *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1014 (N.D. Cal. 2010); Cal. Civ. Proc. Code § 338(d) (the limitations period on a fraud claim does not begin to run "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake"). Moreover, in alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks and citation omitted). Mere conclusory allegations of fraud will not suffice. *Bosse v. Crowell Collier & Macmillan*, 565 F.2d 602, 611 (9th Cir. 1977); *Das v. WMC Mortgage Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011).

Finally, Boisvert is admonished that any amended complaint must comply with Federal Rule of Civil Procedure 11(b) and that a violation of that rule could result in a sanction being imposed against him. A Rule 11 sanction is appropriate when a pleading is both baseless and made without a reasonable and competent inquiry. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

### IV. CONCLUSION

Because Boisvert fails to allege sufficient facts to state a claim, the Court GRANTS Li's motion to dismiss in its entirety. The claims under FTCA and for rescission under TILA are DISMISSED WITHOUT LEAVE TO AMEND. Boisvert has LEAVE TO AMEND his complaint as described above, and must file any amendment by September 4, 2013. If he chooses not to amend his complaint, the case will be dismissed with prejudice.

IT IS SO ORDERED.

Date: August 20, 2013

Nathanael M. Cousins
United States Magistrate Judge