1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RENE BOISVERT, | Case No. 13-cv-01590 NC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| WAI FUN LI, NEW CENTURY TITLE CO.; GEORGE E. ONG; and DOES 1-4, | Re: Dkt. Nos. 41, 43, 51 |
| Defendants. | |

Pending before the Court are motions filed by defendants Wai Fun Li and George Ong seeking to dismiss the first amended complaint of plaintiff Rene Boisvert under Federal Rule of Civil Procedure 12(b)(6). Because Boisvert has failed to cure the deficiencies identified in the Court's order dismissing the original complaint with leave to amend, the Court finds that Boisvert has failed to state a claim, and therefore GRANTS the motions and dismisses this action.

## I. BACKGROUND

**A.    Boisvert's Allegations**

In analyzing claims under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all material facts alleged in the complaint are true. *Coal. For ICANN*

*Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). Like the original complaint, the amended complaint here alleges that "[o]n or about July 2006, Plaintiff and Defendant [Li] entered into a lender and borrower agreement for a real estate loan with a principal balance of $100,000." Dkt. No. 38 ¶ 16. Boisvert further alleges that the loan "was to be a one year loan," with an interest rate of 12% per annum. *Id.* ¶¶ 17, 18. The first amended complaint names as defendants the lender, Li, the escrow company, New Century Title Company ("the Title Company"), and George Ong, as "Li's counsel for her lending activities." *Id.* ¶¶ 10-12. Boisvert alleges that in August 2009, the terms of the original note were amended by "Li's *personal* attorney," Ong. *Id.* ¶ 23. Boisvert alleges that Li collected payments from him "up through February 2012." *Id.* ¶ 26.

In his original complaint, Boisvert alleged that the loan was "secured by the Plaintiff's personal home." Dkt. No. 1 ¶ 21. The first amended complaint instead alleges that "[t]he loan was to be secured by Plaintiff's business property located at A Street in Oakland, California" but that "[i]t was subsequently learned *after close of escrow* which was handled in its entirety by Defendant Li's personal escrow company, co-Defendant NCTC, the actual security turned out to be, to the surprise of the Plaintiff, the Plaintiff's personal home in Oakland, California." Dkt. No. 38 ¶ 22. The first amended complaint further alleges that "[u]nbeknownst to Plaintiff, Defendants Li and NCTC had unilaterally switched the security documentation and exhibits." *Id.* According to the first amended complaint, the loan "was proffered by Defendant Li while standing outside the Plaintiff's business property at A Street in Oakland, California" after having had "just completed a walk through and review of the A Street property." *Id.* ¶ 21.

Boisvert alleges that Li "elected not to collect the required loan application nor financial documentation as an underwriting requirement of the loan" and that neither Li nor the Title Company provided him with disclosure documents. *Id.* ¶¶ 19, 20. Boisvert further alleges that, "[i]n the course and conduct of offering and making" the loan, defendants failed to provide a number of mandatory disclosures, included prohibited loan terms, and extended credit based on a collateral without regard to payment ability. *Id.* ¶¶ 30-37.

Boisvert asserts that defendants' conduct violated the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a) and 53(b), the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, including the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1639, and TILA's implementing Regulation Z, 12 C.F.R. § 226. *Id.* ¶¶ 1, 30-37.

The first amended complaint adds a count titled "Fraudulent Concealment / Equitable Estoppel," which alleges that "Plaintiff did not learn of the Defendants *acting together in collusion to conspire* and ultimately 'bait and switch' the real property security offered for the deed of trust until years after the original execution of the contract." *Id.* ¶ 38. The first amended complaint asserts that "[i]t was discovered and learned years later that based on the fraudulent behavior of the Defendants that another completely different legal description was substituted in for an unrelated real property on Boulevard Way in Oakland." *Id.* ¶ 39.

Boisvert requests that the Court "[a]ward such relief as the Court deems necessary to prevent unjust enrichment" and "to redress Plaintiff [sic] injury to include, but not limited to: deem the promissory note and deed of trust and note amendments as unenforceable, refund of all monies paid . . . , fees collected, and/or disgorgement of ill-gotten gains." *Id.* at 14.

**B.   Procedural History**

Boisvert filed his original complaint on April 9, 2013. Dkt. No. 1. Li filed a motion to dismiss the complaint on June 11, 2013. *See* Dkt. Nos. 14, 15, 19. The Court granted Li's motion, dismissing the claims for violations of the FTCA and for rescission under TILA with prejudice. Dkt. No. 35. The Court further found that, absent equitable tolling, Boisvert's damages claims under TILA and HOEPA would be barred by the statute of limitations. *Id.* The Court, however, granted Boisvert leave to amend his complaint to allege facts demonstrating fraudulent concealment or entitlement to equitable tolling as to those claims. *Id.*

On September 4, 2013, Boisvert filed his first amended complaint against Li, also naming as defendants the Title Company and Ong. Dkt. No. 38 ¶¶ 10-12. Li moved to

dismiss the first amended complaint for failure to state a claim, requesting that the Court take judicial notice of several documents.  Dkt. Nos. 41, 44-45.  Li further requested that, in the event that the Court denies the request for judicial notice, that the Court convert her motion to dismiss to a summary judgment motion under Federal Rule of Civil Procedure 12(d).  Dkt. No. 43.  Defendant Ong moved to dismiss the first amended complaint separately but on the same grounds as Li.  Dkt. No. 51.  Boisvert opposed the motions.  Dkt. Nos. 47, 55, 56.  Boisvert and counsel for defendants Li and Ong attended a hearing on the motions to dismiss.  Dkt. No. 60.  At the hearing, Boisvert indicated that the Title Company had not been served.  On January 22, 2014, the Court held a further case management conference during which Boisvert informed the Court that his attempts to serve the Title Company had been unsuccessful.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) as it alleges claims under the FTCA, TILA, and HOEPA.  *See* Dkt. Nos. 1 ¶ 1; 38 ¶ 1.  Plaintiff and all defendants that have been served consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).  Dkt. Nos. 8, 18, 49.[1]

## C.   Judicial Notice

The Court first addresses the parties' requests for judicial notice.  As a general rule, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (citations omitted).  However, a court may take judicial notice of "material which is either submitted as part of the complaint or necessarily relied upon by the complaint," as well as "matters of public record."  *Id.*  Courts may "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the

---

[1]  The consent of defendants that have not been served is not required for magistrate judge jurisdiction under 28 U.S.C. § 636(c).  *Merino v. Saxon Mortgage Inc.*, No. 10-cv-05584 EDL, 2011 WL 794988, at *1 n.1 (N.D. Cal. Mar. 1, 2011) (citing *Ornelas v. De Frantz*, No. 00-cv-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000)); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (internal quotation marks and citation omitted).  Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See Datel*, 712 F. Supp. 2d at 983.

**1.     Li's Request for Judicial Notice Is Granted in Part and Denied in Part.**

Li seeks judicial notice of the following documents: (1) the complaint in *Wai Fun Li v. Rene Boisvert*, Superior Court of California, County of Alameda, Case No. RG13672753, dated March 25, 2013, Dkt. No. 44-1; (2) a "Deed of Trust With Assignment of Rents," Official Records of Alameda County, No. 2006282170, dated July 21, 2006, Dkt. Nos. 45-1, 45-2, 45-3; (3) State of California Bureau of Real Estate, Rene G. Boisvert, Broker, License No. 00809804; and National Mortgage License System and Registry (NMLS), Rene G. Boisvert, Real Estate Broker License Endorsement, License No. 00809804; NMLS No. 360061, Dkt. No. 45-4; (4) a "Notice of Default," Official Records of Alameda County, No. 2009142330, dated May 5, 2009, Dkt. No. 45-5; (5) an email communication, dated July 13, 2006, Dkt. No. 45-6; and (6) a letter dated May 5, 2009, Dkt. No. 45-7.  Dkt. No. 45.  In addition, Li filed a second request seeking judicial notice of her response to Boisvert's interrogatories No. 1.  Dkt. Nos. 53; 53-1.  For the reasons set forth below, the Court will take judicial notice of items (1), (2), and (4) of Li's first request for judicial notice, Dkt. No. 45, and will deny her request as to the remaining items.

Item (1), which is a copy of the complaint in a state court action by Li against Boisvert, is a proper subject of judicial notice.  *See, e.g.*, *Hunt v. Check Recovery Systems, Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) ("Judicial notice may be taken of 'adjudicative facts' such as court records, pleadings.").

Item (2) is the deed of trust between Boisvert and Li for Boisvert's home, dated July 21, 2006, while item (4) is the notice of default filed on Boisvert's home, dated May 5,

2009.  Dkt. Nos. 45-1, 45-2, 45-3, 45-5.  Items (2) and (4) are certified copies of official records of Alameda County and as such, are public records that are a proper subject to judicial notice.  Dkt. No. 44 at 7 ¶ 3; *See e.g.*, *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including state court file and deeds of trust); *Valasquez v. Mortgage Elec. Registration Sys., Inc.*, No. 08-3818 PJH, 2008 WL 4938162, at *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of deed of trust and notice of default).  While Boisvert refers to the existence of two different "versions" of the deed of trust, one of which has "handwritten notes," he does not appear to be questioning the authenticity of item (2) of Li's request for judicial notice, or the fact that it is a public record.  Dkt. Nos. 47 at 5-6; 55 at 3:13-19.

Item (3) of Li's request for judicial notice, which purports to contain real estate licensing information pertaining to Boisvert, Dkt. No. 45-4, does not bear on the Court's determination of the issues presented by the pending motions to dismiss.  On that basis, the Court denies the request to take judicial notice of this item.

Li contends that items (5) and (6), Dkt. Nos. 45-6, 45-7, are communications from Boisvert "directly contradicting" his assertion that he did not know his personal home was being used as security for the loan until years later.  Dkt. No. 45 at 5.  Li has not shown that the facts for which she seeks judicial notice are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Furthermore, it is unnecessary to take judicial notice of these communications given that the Court has granted Li's request for judicial notice of the deed of trust and notice of default.  Accordingly, the Court denies the request to take judicial notice of items (5) and (6).

Li also requests judicial notice of her response to Boisvert's interrogatories to rebut Boisvert's assertion that Li has failed to respond to his discovery requests.  Dkt. Nos. 52 at 11-13; 53; 53-1.  This request is denied both because Li has not shown that these "facts" are "not subject to reasonable dispute," Fed. R. Evid. 201(b), and because they are not relevant to the Court's decision.

In light of the Court's ruling on Li's request for judicial notice, her request to convert

her motion to dismiss to a summary judgment motion under Federal Rule of Civil Procedure 12(d) is denied.  Dkt. No. 43.

**2.  Boisvert's Request for Judicial Notice Is Denied.**

In connection with his opposition, Boisvert seeks judicial notice of the following documents: (1) email communications dated July 14, 2006, Dkt. No. 47 at 13; (2) a one-page document titled "Exhibit A" (description of real property) excerpted from the deed of trust subject to Li's request for judicial notice, Dkt. Nos. 45-3 at 2; 47-1 at 1; (3) a one-page document titled "Exhibit A" (description of real property) containing handwritten notes, Dkt. No. 47-1 at 2; and (4) Li's responses to Boisvert's requests for documents Nos. 1 and 2, Dkt. No. 47-1 at 3-11.  For the reasons set forth below, the Court denies Boisvert's requests for judicial notice.

Boisvert contends that item (1), the email communications dated July 14, 2006, Dkt. No. 47 at 13, shows that he negotiated that the security for the loan be the business property located on A Street in Oakland, not his personal home.  Dkt. Nos. 47 at 7:23-8:10; 55 at 5:5-15, 7:13-19.  Boisvert has not shown that the facts for which he seeks judicial notice are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Moreover, as explained below, Boisvert's argument that he negotiated that the security for the loan be the business property does not set forth a plausible basis for tolling of the statute of limitations on his TILA and HOEPA claims.

As indicated by the ECF header and as stated in Boisvert's opposition, item (2) of Boisvert's request for judicial notice, Dkt. No. 47-1 at 1, is part of the deed of trust, item (2) submitted with Li's request for judicial notice, Dkt. Nos. 45-1, 45-2, 45-3, which has been granted.  *See* Dkt No. 47 at 5:26-6:3.  Boisvert's request is duplicative and unnecessary, and is denied on that basis.

Item (3) is the description of real property containing handwritten notes, Dkt. No. 47-1 at 2.  Boisvert has not shown that the facts for which he seeks judicial notice are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  To the contrary, Boisvert asserts that "[a]t this time, no one knows the origin of this second document."  Dkt. No. 55 at 3:16.

Furthermore, Boisvert has not explained how the existence of the legal description with the handwritten additions supports his fraudulent concealment theory.  Boisvert's request is not relevant to the Court's determination of the issues presented by the pending motions and is also denied on that basis.

Boisvert's request for judicial notice of item (4), Li's responses to Boisvert's requests for documents, Dkt. No. 47-1 at 3-11, is denied both because Boisvert has not shown that the "facts" for which he seeks judicial notice are "not subject to reasonable dispute," Fed. R. Evid. 201(b), and because they are not relevant to the Court's decision.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant.  *Coal. For ICANN Transparency, Inc.*, 611 F.3d at 501. The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A.    Boisvert Cannot Bring Claims Previously Dismissed with Prejudice.

The Court previously held that any claims brought by Boisvert under the FTCA must be dismissed without leave to amend because, as a private litigant, he does not have standing to bring an action under that Act.  Dkt. No. 35 at 5.  While the first amended complaint no longer contains a separate count titled as arising under the FTCA, it continues to assert that this is an action in part under the FTCA, and includes multiple references to

1   alleged violations of the FTCA.  Dkt. No. 38 ¶¶ 1, 31, 34, 37.  Accordingly, the Court

2   dismisses any claims for violations of the FTCA in the first amended complaint with

3   prejudice.

4         Additionally, to the extent that the first amended complaint continues to seek

5   rescission of the loan under TILA, that claim is also dismissed with prejudice as the Court

6   previously found that any claims by Boisvert for rescission under TILA arising out of the

7   July 2006 loan or the August 2009 loan modification are time-barred and are dismissed

8   without leave to amend.  Dkt. No. 35 at 7-8.

9   **B.    Boisvert's TILA and HOEPA Claims Are Time-Barred.**

10        The Court also previously granted Li's motion to dismiss Boisvert's claims brought

11  under TILA and HOEPA on the basis that they are barred by the one-year statute of

12  limitations of 15 U.S.C. § 1640(e).  Dkt. No. 35 at 6-7.  The Court reasoned that, because

13  Boisvert alleges that he entered into the loan agreement with Li in July 2006, any TILA or

14  HOEPA damages claim expired in July 2007.  Dkt. Nos. 35 at 6; 38 ¶ 16.  Similarly, any

15  such claim arising out of the August 2009 modification also expired on August 10, 2010.

16  Dkt. Nos. 35 at 6; 38 ¶ 23.  Boisvert filed this case in April 2013, which is over seven years

17  after the execution of the loan, and over three years after the alleged modification.

18        As the Court acknowledged in its prior order, "the doctrine of equitable tolling may,

19  in the appropriate circumstances, suspend the limitations period until the borrower

20  discovers or had reasonable opportunity to discover the fraud or nondisclosures that form

21  the basis of the TILA action."  *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

22  Despite having the opportunity to amend his complaint to state facts supporting tolling of

23  the statute of limitations based on equitable tolling or fraudulent concealment, Boisvert has

24  failed to set forth any such facts.

25        In opposition to the current motions to dismiss, Boisvert repeats the arguments that

26  the applicable statute of limitations is four years under California Civil Procedure Code §

27  337, and that the statute of limitations began running at the time of his last payment on the

28  loan to Li.  Dkt. Nos. 47 at 3; 55 at 4.  These assertions have no legal support and were

already rejected by the Court in its prior order.  *See* Dkt. No. 35.

Boisvert's new argument in opposition is that the statute of limitation should be tolled by fraudulent concealment based on defendants' alleged conduct of switching, without Boisvert's knowledge, the real property security offered for the deed of trust from the intended security—his business property, to his personal home.  Dkt. Nos. 47 at 4; 38 ¶¶ 38-39.  Boisvert asserts that the fraudulent switching was discovered "years after the original execution of the contract."  *Id.*

There are several problems with this argument.  First, Boisvert's allegations that defendants conspired to "bait and switch" the security and that this conduct was discovered "years later" do not satisfy the requirement that fraudulent concealment must be alleged with particularity.  *Robertson v. Bank of Am., NA*, No. 10-cv-3525 SBA, 2011 WL 1231003, at *3 (N.D. Cal. Apr. 1, 2011) (citations omitted).  The amended complaint fails to allege specifically when or how the switching was done, or what was each individual defendant's involvement.  In fact, with respect to Ong, Boisvert admits that "it is unknown at this time, pending the completion of outstanding discovery, if Defendant Ong was part of the switching of the security documentation."  Dkt. No. 55 at 3:9-10.  Boisvert's failure to allege specifically when and how he discovered that the "bait and switch" conduct had taken place is especially troubling, considering that these facts are presumptively within his knowledge.

Second, the "bait and switch" allegations do not demonstrate that Boisvert could not have discovered the alleged TILA and HOEPA violations by exercising reasonable diligence.  *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010); *see also Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (plaintiff was not entitled to equitable tolling on TILA claim where "nothing prevented [plaintiff] from comparing the loan contract, [lender]'s initial disclosures, and TILA's statutory and regulatory requirements").  Boisvert does not provide any basis to infer that the alleged switching of the real estate security for the loan prevented him in any way from discovering that defendants failed to provide disclosures mandated by TILA and HOEPA, included

prohibited loan terms, or extended credit based on a collateral without regard to payment ability, as alleged in the first amended complaint.  Dkt. No. 38 ¶¶ 30-37.

Third, Boisvert's contention that he did not know that the loan he obtained from Li was secured by his personal home is contrary to facts that are a proper subject to judicial notice.  As defendants correctly assert, both the deed of trust and the subsequent notice of default show that the property securing the loan is Boisvert's home.  Dkt. Nos. 45-1, 45-2, 45-3, 45-5.  Moreover, in his opposition Boisvert states that "Plaintiff had negotiated from day one that the security for the subject note be the business property located on A Street in Oakland" and that "[t]hough there were very brief alternative discussions, . . . the final decision ultimately went back to where they all began-A Street."  Dkt. No. 55 at 5:9-11.  Thus, according to Boisvert's own theory of his case, there was a discussion prior to the loan transaction regarding which of the two properties was going to be used to secure the loan.  In light of Boisvert's arguments and the judicially noticed documents, Boisvert's vague claim that he did not know of the alleged "bait and switch" until "years later" is implausible and insufficient to demonstrate fraudulent concealment or entitlement to equitable tolling.

The Court recognizes that in dismissing for failure to state a claim leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Furthermore, "[c]ourts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).  Here, however, the Court has already given Boisvert an opportunity to amend the complaint to show why his TILA and HOEPA damages claims arising out of the 2006 loan are not time-barred.  The Court further gave him notice that fraudulent concealment must be alleged with particularity and that he must allege facts demonstrating that he could not have discovered the alleged TILA and HOEPA violations by exercising reasonable diligence.  Boisvert, however, has not provided any such facts in his amended complaint, oppositions to the motions to dismiss, or at the hearing held by the Court, and instead has made only vague

1    allegations of concealment that are contradicted by judicially noticeable facts.  *See*

2    *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-46 (9th Cir. 2011)

3    (affirming dismissal of TILA claim as time-barred and holding that district court did not

4    abuse its discretion by denying second leave to amend after plaintiffs failed to add any new

5    facts to support applying either equitable tolling or equitable estoppel to their claims).

6    Accordingly, the Court finds that it is appropriate to dismiss the TILA and HOEPA

7    damages claims without leave to amend.

8    **C.    Boisvert's Fraud Claim Is Dismissed Without Prejudice.**

9         Moreover, to the extent that the first amended complaint purports to assert a separate

10   claim for fraud under California law arising out of this conduct, it fails to allege the

11   circumstances of the fraudulent acts and fraudulent concealment with particularity, as

12   required to state a claim for relief.  *See* Dkt. No. 35 at 9; Fed. R. Civ. P. 9(b); *Swartz v.*

13   *KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

14        Li argues that, if the Court dismisses all the federal claims, the Court should exercise

15   its discretion to decline supplemental jurisdiction over the remaining state law fraud claim.

16   Dkt. No. 41 at 9-11.  A district court "may decline to exercise supplemental jurisdiction" if

17   it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

18   "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance

19   of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

20   convenience, fairness, and comity—will point toward declining to exercise jurisdiction over

21   the remaining state-law claims."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th

22   Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

23        Li asserts that the interests of comity weight against exercising supplemental

24   jurisdiction because it is a matter of public record that Li is suing Boisvert in state court

25   regarding the loan at issue in the present case.  Dkt. Nos. 41 at 10:20-11:9; 44-1.  The Court

26   finds that this case presents the usual balance of factors and that the circumstances do not

27   justify the exercise of jurisdiction over Boisvert's remaining claim for fraud under state law.

28   Accordingly, the Court dismisses this claim without prejudice.

1    **D.    The Claims Against the Title Company Are Also Dismissed.**

2        The Title Company has not been served and is not among the parties moving to

3    dismiss the first amended complaint.  However, the basis for dismissing the TILA and

4    HOEPA damages claims as time-barred, as well as the reasons for dismissing with

5    prejudice any claims under the FTCA or for rescission under TILA, apply equally to the

6    Title Company.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008)

7    ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had

8    not appeared, on the basis of facts presented by other defendants which had appeared.");

9    *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may

10   properly on its own motion dismiss an action as to defendants who have not moved to

11   dismiss where such defendants are in a position similar to that of moving defendants or

12   where claims against such defendants are integrally related.").

13       At the further case management conference held on January 22, 2014, the Court

14   informed Boisvert that it intended to dismiss the claims against the Title Company.  The

15   Court further inquired as to whether Boisvert could allege any additional facts with respect

16   to the Title Company.  In response, Boisvert conceded that his claims against the Title

17   Company are based on similar facts and theories alleged in the first amended complaint as

18   to the other defendants, but stated that he might uncover further facts if allowed to conduct

19   discovery.  However, where a "complaint is deficient under Rule 8, [plaintiff] is not entitled

20   to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686.  Accordingly, the Court finds

21   that as to the Title Company, it is appropriate to (1) dismiss the FTCA and TILA rescission

22   claims with prejudice; (2) dismiss the TILA and HOEPA damages claims with prejudice;

23   and (3) dismiss the state law fraud claim without prejudice.

24   ## IV. CONCLUSION

25       Because Boisvert has failed to allege facts to support equitable tolling of the statute of

26   limitations on his claims for damages under TILA and HOEPA, those claims are

27   DISMISSED WITH PREJUDICE as to all defendants.

28       The claims under FTCA and for rescission under TILA are DISMISSED WITH

Case No. 13-cv-01590 NC
ORDER ON MOTIONS TO DISMISS                    13

1    PREJUDICE as to all defendants.

2         Boisvert's claim for fraud is DISMISSED WITHOUT PREJUDICE as to all

3    defendants.

4         IT IS SO ORDERED.

5         Date: January 24, 2014

6                                              Nathanael M. Cousins
                                               United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28